```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PRIMITIVO ROBLES,

                      Plaintiff,

       -against-                                          24 Civ. 7426 (AT)

TEDG LLC d/b/a THE EMERALD DISPENSARY,                    **ORDER**

                      Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/12/2025____

ANALISA TORRES, District Judge:

On October 1, 2024, Plaintiff, Primitivo Robles, filed this action against Defendant, TEDG LLC, d/b/a The Emerald Dispensary. ECF No. 1. On October 3, 2024, the Court ordered the parties to submit a joint letter and proposed case management plan by December 3, 2024. ECF No. 7. On December 4, 2024, having received no submission from the parties, the Court again ordered them to submit their joint letter and proposed case management plan, this time by January 3, 2025. ECF No. 9. One month later, still having received no communication from the parties, the Court again ordered the parties to file their submissions, this time by January 27, 2025. ECF No. 11. The Court advised Plaintiff that failure to comply with the Court's orders may result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.* On January 28, 2025, having still received nothing from the parties, the Court ordered Plaintiff to show cause, by February 11, 2025, why this action should not be dismissed for failure to prosecute. ECF No. 12. This deadline has since passed, and the Court has not heard from Plaintiff.

Under Rule 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal] [R]ules or a court order." The Court may do so *sua sponte*. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In determining whether to dismiss an action under Rule 41(b), the Court considers: (1) "the duration of plaintiff's failures or non-compliance," (2) "whether plaintiff had notice that such conduct would result in dismissal," (3) "whether prejudice to the defendant is likely to result," (4) "whether the [C]ourt balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard," and (5) "whether the [C]ourt adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive," and the Court must weigh all five considerations in determining whether dismissal is appropriate. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Dismissal under Rule 41(b) is subject to the discretion of the Court. *Baffa*, 222 F.3d at 62.

Here, all factors weigh in favor of dismissal. First, Plaintiff has not participated in this case for over four months and has defied four court orders directing him to prosecute this action. *See* ECF Nos. 7, 9, 11–12. Second, the Court twice warned Plaintiff that failure to comply with the Court's orders could result in dismissal for failure to prosecute. ECF Nos. 11–12. Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre*

*Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982), and Plaintiff has provided no reason for his delay here. Finally, as to the fourth and fifth factors, Plaintiff is represented by counsel and has been given multiple opportunities to participate in this action. Considering that Plaintiff has failed to respond to four court orders over several months, the Court finds that a sanction less than dismissal would likely be ineffective.

Accordingly, this action is DISMISSED with prejudice for failure to prosecute. The Clerk of Court is respectfully directed to delete "on behalf of himself and all others similarly situated" from the case caption and close the case.

SO ORDERED.

Dated: February 12, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge